UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVON CAMPBELL,

Plaintiff,

**FIRST AMENDED COMPLAINT**

-vs-

DOMINICA PIAZZA, DSP, SULLIVAN CORRECTION FACILITY;
DANIELLE GLEBOCKI, DSP, WOODBOURNE CORRECTIONAL FACILITY;
KAREN CROWLEY, DPS, WENDE; CORRECTIONAL FACILITY:
STACEY GALLOWWAY, DSP, WYOMING CORRECTIONAL FACILITY;
DANIEL F. MARTUSCELLO, COMMISSIONER OF DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION;
SECURES TECHNOLOGIES, DOCCS SERVICE PROVIDER;

In Their Personal Compacities;

Defendants.

**6:25 -CV- 06155 (FPG)**

## PRELIMINARY STATEMENT

This is a civil rights action by Davon Campbell, a state prisoner who is deaf, and presently incarcerated at the Woodbourne Correctional Facility, and has been incarcerated throughout several DOCCS facilities, brings this action to remedy civil rights violations in the form of discrimination, deliberate cruel and unusual punishment, and emotional damages for allowing non-deaf people to benefit from a program and services offered via Securus Technologies, in which such services does not accommodate plaintiff Campbell; thereby excluding him based upon his disability. Incarcerated individuals who are not deaf, have the benefit of using Securus Technology WiFi tablets to

communicate, listen to music, watch movies, Podcasts, and speak on the phone, without unfettered interruption, other than when the WiFi is shut down for emails and phone use. The Department of Corrections and Community Supervision is aware of Title II of the American Disability Act and 504 of the Rehabilitation Act, yet contracted with Securus Technologies in providing services for the Department, without accommodating the deaf. Securus Technologies offers a services: "video connect" in which families can schedule a paid session to see and speak with loved ones; a service plaintiff filed multiple grievances about, in order to have DOCCS accommodate him, in which he would be able to speak with his family using sign language, via "video connect" or "video phone". Despite DOCCS' contractual agreement, it fails to include means to accommodate plaintiff who was born deaf. Thus, plaintiff brings this action against DOCCS and responsible employees and contractors, for compensatory and punitive damages, and declaratory and an injunction pursuant to 42 U.S.C. § 1983, pursuant to the Sixth, Eighth, and Fourteenth Amendments.

## JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1983, et seq.

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4).

3. The acts complained of occurred in the Western District of New York. Venue is proper under 28 U.S.C. § 1391(b).

## JURY DEMAND

4. Plaintiff demands trail by jury in this action.

## THE PARTIES

5. Davon Campbell is a 47 year old incarcerated individual who was born deaf and was housed throughout various Department of Corrections and Community Supervision Facilities, when the events given rise to his civil rights violations, occurred.

6. Initially, plaintiff Mr. Campbell put DOCCS employee Dominica Piazza on notice in 2023, while at the Sullivan Correctional Facility, about installation of a video phone to effectively community with his loved ones, as the video phone is the newest technology employed in society, and not the out dated TTY phone DOCCS have deaf people use.

7. Again, after transferring to the Woodbourne C.F. in 2024, Mr. Campbell complained about not being able to effectively communicate with his family using the out dated TTY phone, as it is no longer used in society by the deaf community. His grievances for accommodating him with a video phone, was to no avail.

8. Plaintiff Mr. Campbell was thereafter, sent to the Wende C.F., where he once again tried, without success, to have DOCCS accommodate him by installing a video phone. In 2025, Mr. Campbell was then transferred to the Wyoming C.F., where he filed, yet, another grievance, his fourth, trying to get DOCCS to provide him with means to effectively communicate, via video phone, to no avail.

**DEFENDANTS AND STATE ACTORS**

9. The New York State Department of Corrections and Community Supervision is responsible for the care, custody, control, and programmatic treatment of incarcerated individuals.

10. The Department of Corrections and Community Supervision is an agency of the State of New York.

11. DOCCS operates forty-two (42) facilities. Of the forty-two, five (5) are designated for the hearing impaired, and deaf.

12. DOCCS is responsible for the overall medical care of all incarcerated individuals in its custody.

13. DOCCS is responsible for affording the deaf and hearing impaired population, reasonable accommodations pursuant to Clakson v. Coughlin, 898 F. Supp. 1019 (S.D.N.Y. 1995); American Disability Act, and Rehabilitation Act.

14. DOCCS receives state and federal assistance.

15. Defendant Dominica Piazza, was the Deputy Superintendent of Programs at the Sullivan Correctional Facility in 2023, when the initial civil rights violations, complained, occurred.

16. Defendant Daniell Glebocki, is the Deputy Superintendent of programs at the Woodbourne Correctional, and was the DSP at the time when the civil rights violations, complained, occurred.

17. Defendant Karen Crowley, was the Deputy Superintendent of Programs at the Wende Correctional Facility at the time, when the civil rights violations, complained of, occurred.

18. Defendant Stacy Galloway, was the Deputy Superintendent of Programs, at the Wyoming Correctional Facility, when the civil rights violations, complained of, occurred.

19. Defendant Daniel F. Martuscello III, is the Commissioner of the Department of Corrections and Community Supervision, and was acting Commissioner at the time, when the civil rights violations, complained of, occurred.

20. Defendant Securus Technologies, is a service provider to DOCCS, and was a service provider at the time, when the civil rights violations complained of, occurred.

**The Sullivan Events leading to the Deprivation of Plaintiff's Civil Rights**

21. While housed at the Sullivan Correctional Facility, in the sensorially disability housing unit, plaintiff experienced multiple communication problems while using the out dated Text Telephone ("TTY"). The communication problem was with the relay operator. Plaintiff complained to defendant Deputy Superintendent of Programs, Dominica Piazza, to no avail. Plaintiff then filed a grievance related to the problem of using the TTY, and requested as an action, that a video phone be implemented for his use, as this was the best means to communicate with his loved ones, who, like him, use American Sign language to communicate. Petitioner was thereafter, transferred to the Woodbourne Correctional Facility.

**The Woodbourne Events leading to the Deprivation of Plaintiff's Civil Rights**

22. Plaintiff transfer to the Woodbourne Correctional Facility led to similar problems encountered at the Sullivan Correctional Facility. Plaintiff was housed in a sensorially disability housing unit. He experienced problems with the TTY relay operator, and communicated this problem to defendant Deputy Superintendent of Programs, Danielle Glebocki, to no avail. Plaintiff then filed a grievance related to the issue of not being able to effectively communicate, using the TTY, as the relay operator did not understand him or use ASL.

23. Shortly thereafter, plaintiff was moved to the Wende Correctional Facility, which houses hard of hearing and deaf incarcerated individuals. While at the Wende Correctional Facility, the plaintiff encountered the same problems, as in Sullivan and Woodbourne correctional facilites. Plaintiff addressed his concerns to defendant Deputy Superintendent of Programs, Karen Crowley, to no avail. Plaintiff then resorted to filing a grievance, in order to ameliorate the deprivation of his civil rights in the form of being denied to have a video relay service or video phone to effectively communicate using sign language.

24. Plaintiff, was yet, again, transferred, this time to the Wyoming Correctional Facility, another DOCCS facility designated for the deaf and hearing impaired. Plaintiff encountered the same exact problems he encountered in Sullivan, Woodbourne, and Wende Correctional facilities. Plaintiff made efforts to have his civil

rights violations addressed, by writing defendant Deputy Superintendent of programs, Stacey Galloway, to no avail. Plaintiff filed a grievance, in order to have his accommodations afforded him, so that he could communicate effectively with his loved ones, using sign language.

25. Defendant Martucello III, is the chief executive officer of the overall affairs of the Department of Corrections and Community Supervision, and as such, make decisions as to how the Department will operate, and the program and services on which the department will operate off of. In the capacity of CEO, the Commissioner ensures the logistics of the program and services of the Department, are in compliance with the laws and regulations the govern the Department. This includes the American Disability Act, and Rehabilitation Act.

26. Defendant Securus Technologies provide services to the Department of corrections and Community Supervision, for the incarcerated individual population. Securus coordinated with the Department to improve the quality of how incarcerated individuals communicate with their loved ones and friends. However, certain services provided by Securus, dose not accommodate the deaf incarcerated population. Where the hearing could take part in using the phone tablet, the deaf cannot, thereby excluding the deaf based on a disability.

27. Plaintiff complained to Securus, via, its trouble ticket mechanism on the tablet and Kiosk, to no avail.

DOCCS IS AWARE THAT SECURUS TECHNOLOGIES AND ITS SERVICES DOES NOT FULLY COMPLY WITH THE ADA OR REHABILITATION ACT

28. In 1995, a class action suit was filed in the Southern District Court, by deaf and hard of hearing class members against the Department of Corrections, as it was then called.

29. In the Civil case of Clarkson v. Coughlin, 898 F. Supp. 1019 (S.D.N.Y. 1995), class members filed the suit based upon the Department's discrimination based on a disability in violation of § 504 of the Rehabilitation Act; discrimination based on a disability in violation of Title II of the ADA; denial of Due Process; deliberate indifference to the needs of deaf and hearing impaired; deprivation of equal protection;. The Clarkson civil action described a plethora of violations of the ADA and Rehabilitation Act. The Clarkson suite was to effectuate change in DOCS policies, to accommodate the deaf and hearing impaired.

30. An agreement was reached in the Clarkson action, however, DOCCS' agreement with Securus Technologies, is not compliant with the Clarkson action.

**FIRST CLAIM FOR RELIEF**

**42 U.S.C § 1983-discrimination based on disability in violation of § 504 of the Rehabilitation Act, 29 U.S.C. 794 (§ 504)**

31. Plaintiff repeat and reallege the foregoing paragraphs as if the same were fully set forth herein.

32.DOCCS is a "public entity" within the purview of the ADA, 42 USC. §§ 12131, 21232, and is aware that the department must be in compliance with the ADA.

33. Despite the knowledge of the ADA and Rehabilitation Act, DOCCS contracted with Securus Technologies, and did not implement policies and procedures designed to accommodate plaintiff who is deaf.

**SECOND CLAIM FOR RELIEF**

**42 U.S.C. § 1983 - Discrimination based on disability in violation of Title II of the Americans with Disabilities Act (the ("ADA"), 42 U.S.C. §§ 12131-12133**
**(Against all defendants)**

34. Plaintiff repeat and reallege the foregoing paragraphs as if same were fully set forth herein.

35. DOCCS officials have a duty to comply with the ADA and Rehabilitation Act, and afford plaintiff the same services as those who could hear.

36. In this action, plaintiff shows a deprivation of his rights under the Equal Protection Clause to the Fourteenth Amendment of the United States Constitution, when the defendants complained of here, either did not provide a service requested, or entered into a contract with a service provider that offered a service to the hearing population and excluded plaintiff, a deaf incarcerated individual.

**THIRD CLAIM FOR RELIEF**

**42 U.S.C § 1983 - Eighth Amendment, deliberate indifference to the needs of a deaf person in violation of Due Process Clause**
**(Against defendants Piazza, Glebocki, Crowley, Galloway, and Securus Technologies)**

37. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

38. Defendants Dominica Piazza, Danielle Glebocki, Karen Crowley, and Stacey Galloway, were or are Deputy Superintendents of Programs and service. They were, or are responsible for the delivery of program services to DOCCS incarcerated individuals. Plaintff requested to be accommodated in order to effectively communicate with his loved ones. Plaintiff wrote the defendants about being accommodated with a video phone, to no avail. In each instances of writing the defendants, they did not reply, or make arrangements to have plaintiff accommodated, showing a deliberate indifference to plaintiff's disability.

39. Plaintiff suffered injuries in the form of discrimination based on his disability, emotional damages due to the fact he is unable to participate as those who are not deaf, due to the defendants' actions.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that the Court grants the following relief against defendants:

**A.** Issue a declartory judgment stating that:

40. That the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

41. A preliminary and permanent injunction ordering the defendants Daniel F. Martuscello III, and Securus Technologies to comply with the American Disability Act, and Rehabilitation Act, by installing a video phone or video relay service for plaintiff, a deaf incarcerated individual.

42. Compensatory damages in the amount of 4.5 million against each defendant, jointly, and severally.

43. Punitive damages in the amount of & 1 million against each defendant.

44. Plaintiff's costs in this suit.

45. Ordering such other and further relief as the Court may deem just, proper and equitable.

Dated: Woodbourne, New York
September 23, 2025

Respectfully submitted

DAVON CAMPBELL