UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEVON CAMPBELL,

Plaintiff,

v.

DOMINICA PIAZZA, et al.,

Defendants.

Case # 25-CV-06155-FPG

DECISION AND ORDER

## INTRODUCTION

*Pro se* Plaintiff Devon Campbell brings this action against Defendants Dominica Piazza, Danielle Glebocki, Karen Crowley, Stacey Galloway, Daniel F. Martuscello, in their personal capacities, and Securus Technologies, LLC ("Securus Technologies"). Plaintiff alleges that Defendants violated his rights by failing to accommodate his hearing disability. *See* ECF No. 25. Plaintiff brings three causes of action pursuant to 42 U.S.C. § 1983, alleging: (1) discrimination based on disability in violation of § 504 of the Rehabilitation Act against all Defendants; (2) discrimination based on disability in violation of Title II of the Americans with Disabilities Act ("ADA") and the Fourteenth Amendment against all Defendants; and (3) violation of the Eighth Amendment against Defendants Piazza, Glebocki, Crowley, Galloway, and Securus Technologies. *Id.* at 8–10 ¶¶ 31–39.

On October 21, 2025, Piazza, Glebocki, Crowley, Galloway, and Martuscello moved to dismiss Plaintiff's claims pursuant to the Federal Rule of Civil Procedure ("Rule") 12(b)(6). ECF No. 23. On November 26, 2025, Securus Technologies also moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(6). ECF No. 27. Plaintiff opposes both motions. ECF No. 37.[1] For the

[1] Plaintiff refers to Defendants' motions both as motions for summary judgment and motions to dismiss. ECF No. 37. However, Defendants only filed motions to dismiss. ECF Nos. 23, 27. Additionally, no party filed a Rule 12(d)

reasons that follow, the motion to dismiss by Piazza, Glebocki, Crowley, Galloway, and Martuscello is GRANTED. Securus Technologies' motion to dismiss is also GRANTED.

**LEGAL STANDARD**

Rule 12(b)(6) provides that a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, a court must "draw all reasonable inferences in Plaintiff['s] favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"The Second Circuit has recognized that this plausibility standard governs claims brought even by *pro se* litigants." *Robles v. Bleau,* No. 07-CV-0464, 2008 WL 4693153, at *5 (N.D.N.Y. Oct. 22, 2008) (emphasis and citations omitted). However, the Court remains mindful that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp,* 521 F.3d 202, 214 (2d Cir. 2008) (quotation marks and citation omitted).

---

motion, "which requires a court to convert a motion under Rule 12(b)(6) or 12(c) into a motion for summary judgment whenever 'matters outside the pleadings are presented to and not excluded by the court.'" *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 302 (2d Cir. 2021) (citing Fed. R. Civ. P. 12(d)). Indeed, there are no supplementary materials presented to the Court for consideration in this case, let alone to form the "basis for its decision." *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999). Therefore, the Court is "not required to convert [Defendants' motions] into one[s] for summary judgment," *McCracken v. Verisma Sys., Inc.*, 91 F.4th 600, 609 (2d Cir. 2024), and shall review Defendants' motions as motions to dismiss.

## BACKGROUND

The following facts are derived from Plaintiff's complaint. *See* ECF No. 25. Plaintiff is a deaf individual who is incarcerated by the New York State Department of Corrections and Community Supervision ("DOCCS"). ECF No. 25 at 3 ¶ 5. DOCCS contracts with Securus Technologies to provide WiFi tablets to inmates who are not deaf and which can be used to communicate and speak on the phone without interruption unless the WiFi is shut down. *Id.* at 1–2. Securus Technologies also offers "video connect" services that allow families to schedule a paid session to see and speak with loved ones. *Id.* at 2.

In 2023, Plaintiff was incarcerated at Sullivan Correctional Facility. *Id.* at 3 ¶ 6. There, Plaintiff was provided with a Text Telephone, which Plaintiff refers to as "TTY." *Id.* at 5 ¶ 21. Plaintiff alleges that the TTY had multiple communication problems caused by the relay operator and was outdated compared to the videophone, which Plaintiff describes is "the newest technology employed in society." *Id.* at 3 ¶ 6; at 5 ¶ 21. Plaintiff complained to Piazza, the Deputy Superintendent of Programs, to no avail. *Id.* at 5 ¶ 21. Plaintiff then filed a grievance, requesting a videophone that would allow him to communicate with his loved ones using sign language. *Id.* Plaintiff received a response that stated, "IGRC: Per Investigation and CORC decision, videophone is not deemed a necessary accommodation at Sullivan. This makes the matter outside the purview of the IGRC and should be evaluated by the Superintendent."[2] ECF No. 1-1 at 23.[3] Plaintiff indicated that he wished to appeal the decision to the Superintendent. *Id.*

[2] "IGRC" refers to the Incarcerated Grievance Resolution Committee and "CORC" refers to the Central Office Review Committee.

[3] "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021).

In 2024, Plaintiff was transferred to Woodbourne Correctional Facility, where he encountered similar problems with the TTY. ECF No. 25 at 3 ¶ 7. Plaintiff complained to Glebocki, the Deputy Superintendent of Programs, to no avail, and then filed a grievance related to the TTY. *Id.* at 6 ¶ 22. In April 2024, Glebocki replied that he forwarded Plaintiff's request for reasonable accommodation for videophone access to "ORC LaForge who will meet with Plaintiff to begin the review process."[4] ECF No. 1-1 at 26.

Plaintiff was transferred to Wende Correctional Facility, where he encountered the same problems with the TTY. ECF No. 25 at 6 ¶ 23. Plaintiff addressed his concerns to Crowley, the Deputy Superintendent of Programs, to no avail, and then filed a grievance about being denied a video relay service or videophone. *Id.*

Thereafter, Plaintiff was transferred to Wyoming Correctional Facility, where he encountered the same problems. *Id.* at 6 ¶ 24. Plaintiff wrote to Galloway, the Deputy Superintendent of Programs, about his civil rights violations to no avail; Plaintiff then filed a grievance to request accommodations to communicate effectively with his loved ones using sign language. *Id.* at 6–7 ¶ 24. On an unspecified date, Plaintiff complained to Securus Technologies to no avail. *Id.* at 7 ¶ 27.

On March 24, 2025, Plaintiff commenced this action against Piazza, Glebocki, Crowley, Galloway, and Martuscello, the Commissioner of DOCCS at the time (collectively, "DOCCS Defendants"), as well as Securus Technologies. ECF No. 1.

**DISCUSSION**

Plaintiff filed the complaint in this action, asserting claims under 42 U.S.C. § 1983 for: (1) discrimination based on disability in violation of § 504 of the Rehabilitation Act; (2) discrimination

[4] "ORC" refers to Offender Rehabilitation Coordinator.

based on disability in violation of Title II of the ADA and the Fourteenth Amendment; and (3) violation of the Eighth Amendment. ECF No. 25. DOCCS Defendants and Securus Technologies each move to dismiss Plaintiff's complaint in its entirety pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. ECF Nos. 23, 27. Plaintiff opposes both motions. ECF No. 37. The Court discusses each of Defendants' arguments below.

## I. Violation of § 504 of the Rehabilitation Act

Plaintiff's first claim under 42 U.S.C. § 1983 for violation of § 504 of the Rehabilitation Act alleges that his rights were deprived when "DOCCS contracted with Securus Technologies, and did not implement policies and procedures designed to accommodate plaintiff who is deaf." ECF No. 25 at 8–9 ¶¶ 31–33. As an initial matter, "the rights established in the Rehabilitation Act may not be enforced through § 1983." *Costabile v. New York City Health & Hosps. Corp.*, 951 F.3d 77, 83 (2d Cir. 2020). However, because Plaintiff is proceeding *pro se*, the Court construes his pleading liberally, *see Boykin,* 521 F.3d at 214, and interprets his claims "to raise the strongest arguments that they suggest," *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) (quotation marks and citation omitted). Therefore, the Court construes Plaintiff's first cause of action to claim a violation of § 504 of the Rehabilitation Act.

Although Plaintiff does not specify which Defendant violated his rights, all Defendants move to dismiss Plaintiff's claim. ECF Nos. 23, 27. DOCCS Defendants argue that under the Rehabilitation Act, individuals sued in their personal capacity cannot be held liable at all, let alone for money damages. ECF No. 23-1 at 6. Securus Technologies also denies liability because Plaintiff does not plausibly allege that Securus Technologies receives federal funding to be subject

to § 504 of the Rehabilitation Act. ECF No. 27-1 at 11–12. Plaintiff does not respond to either argument.[5]

The Court first discusses DOCCS Defendants' argument that they cannot be sued in their personal capacity under the Rehabilitation Act. The Court agrees. *See Rosenfield v. New York State Div. of Veterans' Affs.*, No. 18-CV-1299, 2019 WL 4621962, at *10 (N.D.N.Y. Sept. 24, 2019) ("It is well recognized in this Circuit that individuals cannot be sued in their personal capacity under either the ADA or the Rehabilitation Act.") (collecting cases); *Kearney v. N.Y.S.,* No. 11-CV-6033, 2011 WL 344755, *1 (W.D.N.Y. Jan. 31, 2011) ("[C]laims under the ADA and [t]he Rehabilitation Act may not generally be brought against individuals."). Therefore, Plaintiff cannot assert a claim under the Rehabilitation Act against DOCCS Defendants.

The Court next turns to Securus Technologies' argument. "In order to establish a violation of § 504 of the Rehabilitation Act, a plaintiff must show (1) that he has a disability for purposes of the Rehabilitation Act, (2) that he is 'otherwise qualified' for the benefit that has been denied, (3) that he has been 'denied the benefits' solely by reason of his disability, and (4) that the benefit is part of a 'program or activity receiving Federal financial assistance.'" *Thomas v. Mohawk Valley Health Sys.*, No. 20-CV-01347, 2020 WL 6504634, at *7 (N.D.N.Y. Nov. 5, 2020) (brackets omitted) (quoting *Flight v. Gloeckler*, 68 F.3d 61, 63 (2d Cir. 1995)). However, nowhere in the complaint nor in his opposition does Plaintiff allege that Securus Technologies is a "program or activity receiving Federal financial assistance." *Id.* Plaintiff thus fails to plausibly plead that Securus Technologies violated his rights under § 504 of the Rehabilitation Act.

Accordingly, Plaintiff's first cause of action is dismissed.

[5] However, due to Plaintiff's *pro se* status, the Court will still consider whether the complaint sufficiently alleges a violation of § 504 of the Rehabilitation Act. *See Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 299 (S.D.N.Y. 2011).

## II. Violation of the ADA and the Fourteenth Amendment

Plaintiff's second claim under 42 U.S.C. § 1983 for violation of the ADA alleges that all Defendants deprived him of "his rights under the Equal Protection Clause to the Fourteenth Amendment . . . when the defendants . . . either did not provide a service requested, or entered into a contract with a service provider that offered a service," which excluded plaintiff who has a disability. ECF No. 25 at 9 ¶ 36.

Similar to the Rehabilitation Act, "[t]o the extent that the Plaintiff seeks to invoke the ADA in [a] § 1983 claim, that claim fails, because ADA claims are not actionable under Section 1983." *Laface v. E. Suffolk BOCES*, No. 18-CV-1314, 2020 WL 2489774, at *9 (E.D.N.Y. May 14, 2020) (quotation marks and citation omitted). However, construing Plaintiff's pleading liberally, *see Boykin,* 521 F.3d at 214, and interpreting his claims "to raise the strongest arguments that they suggest," *Harris*, 607 F.3d at 24, the Court finds Plaintiff to be raising two discrimination claims: (1) a violation of the ADA, and (2) a violation of the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983.

The Court analyzes each claim below.

### A. Violation of the ADA

All Defendants move to dismiss Plaintiff's ADA claims. ECF No. 23-1 at 6; ECF No. 27-1 at 12–14. Plaintiff did not respond to Defendants' arguments. The Court will discuss each argument.

First, DOCCS Defendants move to dismiss Plaintiff's claim, arguing that under the ADA, individuals sued in their personal capacity cannot be held liable at all, let alone for money damages. ECF No. 23-1 at 6. The Court agrees as "[i]t is well recognized in this Circuit that individuals cannot be sued in their personal capacity under either the ADA or the Rehabilitation Act."

*Rosenfield*, 2019 WL 4621962, at *10; *see Kearney,* 2011 WL 344755, *1. Therefore, Plaintiff's ADA claims against DOCCS Defendants are dismissed.

Next, Securus Technologies moves to dismiss Plaintiff's claim, arguing that it cannot be liable because it is neither a public entity, an "instrumentality" of a state, or a local government under Title II of the ADA.[6] ECF No. 27-1 at 12–13. Title II of the ADA "proscribes discrimination against the disabled in access to public services." *Harris v. Mills*, 572 F.3d 66, 73 (2d Cir. 2009) (citation omitted). To plead a violation of Title II, a plaintiff must allege "(1) that [he] is a qualified individual with a disability; (2) that [he] was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to [his] disability." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (internal quotation marks and citation omitted). "Private entities are not subject to the provisions of Title II even if they receive government funding." *Brennan v. NCAComp Inc.*, No. 22-CV-0127, 2022 WL 4290660, at *7 (N.D.N.Y. Apr. 25, 2022) (citation omitted), *report and recommendation adopted*, No. 22-CV-0127, 2022 WL 3097843 (N.D.N.Y. Aug. 4, 2022).

Plaintiff failed to plausibly allege that Securus Technologies is subject to Title II. Specifically, Plaintiff fails to allege that Securus Technologies is a "public entity," *Fulton*, 591 F.3d at 43, as he concedes that Securus Technologies is a private entity, ECF No. 37 at 7. However, a private entity cannot be subject to Title II. *See Brennan*, 2022 WL 4290660, at *7. Therefore, Plaintiff fails to state a claim regarding a violation of Title II of the ADA against Securus Technologies.

Accordingly, Plaintiff's ADA claim is dismissed.

[6] Securus Technologies also argues that it is not subject to Title III of the ADA as it does not own, lease, or operate a public accommodation. ECF No. 27-1 at 13–14. Nowhere does Plaintiff mention Title III or make any allegations related to offering a public accommodation in his complaint or opposition. *See* ECF Nos. 1, 25, 37. Because the Court does not construe Plaintiff's complaint to be alleging a violation of Title III, this argument is disregarded.

**B. Violation of the Fourteenth Amendment Under § 1983**

DOCCS Defendants move to dismiss Plaintiff's claim under § 1983 for violation of the Fourteenth Amendment. ECF No. 23-1 at 4–6. DOCCS Defendants argue that Plaintiff failed to allege their personal involvement, a prerequisite to assert a § 1983 claim. *Id.* Securus Technologies also denies liability under § 1983 because it is not a state actor and has no personal involvement in the violation of Plaintiff's rights. ECF No. 27-1 at 14–18. Plaintiff disagrees with DOCCS Defendants, arguing that they were personally involved in depriving Plaintiff of his constitutional rights, especially because Plaintiff filed grievances asking for accommodation for his disability in every correctional facility where he was housed. ECF No. 37 at 1–7. Plaintiff also argues that Securus Technologies is a state actor because it is "entwined" with the government and because "the government has outsourced one of its constitutional obligations to [it]." *Id.* at 8–9.

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

**i. DOCCS Defendants**

To establish liability against a prison official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to claim that the defendant is a link in the prison's chain of command. *See Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985). Therefore, "a plaintiff must plead and prove that each Government-official

defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quotation marks and citation omitted).

**1. Defendant Martuscello**

Plaintiff alleges that Martuscello violated his rights as the "chief executive officer of the overall affairs of [DOCCS], and as such, ma[de] decisions as to how the Department will operate, and the program and services on which the department will operate off of." ECF No. 25 at 7 ¶ 25. Plaintiff's claim relies solely on Martuscello's position within DOCCS' hierarchy. Plaintiff thus appears to be alleging that Martuscello is liable under the theory of *respondeat superior*. However, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*."). "In other words, supervisory officials may not be held liable merely because they [hold] a position of authority." *Felix-Torres v. Graham*, 687 F. Supp. 2d 38, 54 (N.D.N.Y. 2009) (citation omitted). Therefore, the claim against Martuscello is dismissed.

**2. Defendants Glebocki, Crowley, and Galloway**

Plaintiff alleges that after being denied devices that allowed video services at Woodbourne, Wende, and Wyoming Correctional Facilities, he addressed his concerns and subsequently filed grievances to Glebocki, Crowley, and Galloway, respectively. ECF No. 25 at 6–7 ¶¶ 22–24. Plaintiff argues that these Defendants violated his rights by failing to "remedy the wrong" despite learning that Plaintiff's rights were violated. ECF No. 37 at 2. Plaintiff further submits Glebocki's response to his complaint, which acknowledges receipt of Plaintiff's request and states that the "request was forwarded to ORC LaForge who will meet with [Plaintiff] to begin the review process." ECF No. 1-1 at 26.

"[I]n general[,] personal involvement will not be found unless the supervisor's response is detailed and specific." *Brooks v. Chappius*, 450 F. Supp. 2d 220, 226 (W.D.N.Y. 2006) (quotation marks and citation omitted); *see Mateo v. Fischer*, 682 F. Supp. 2d 423, 430–31 (S.D.N.Y. 2010) ("A supervisor's detailed, specific response to a plaintiff's complaint suggests that the supervisor has considered the plaintiff's allegations and evaluated possible responses."). Otherwise, "merely writing letters and grievances to a defendant" or the defendant's "receipt of a letter or grievance, without personally investigating or acting on the letter or grievance, is insufficient to establish personal involvement." *Romano v. Weinstock*, No. 17-CV-0137, 2018 WL 5728064, at *11 (N.D.N.Y. May 30, 2018), *report and recommendation adopted*, No. 17-CV-0137, 2018 WL 4299984 (N.D.N.Y. Sept. 10, 2018); *see Brooks*, 450 F. Supp. 2d at 226 ("[T]he fact that an official ignored a letter alleging unconstitutional conduct is not enough to establish personal involvement." (citation omitted)).

Here, Plaintiff included Glebocki's response, which stated that Glebocki referred Plaintiff's letter to someone else. ECF No. 1-1 at 26. This is insufficient to allege personal involvement. *See Vega v. Artus*, 610 F.Supp.2d 185, 199 (N.D.N.Y. 2009) (defendant referring plaintiff's letters and grievances to staff for investigation was insufficient to establish personal involvement ). For Crowley and Galloway, Plaintiff alleges that he complained and filed a grievance to each of them. ECF No. 25 at 6–7 ¶¶ 23–24. However, Plaintiff does not allege that Crowley or Galloway responded to his complaint or grievance at all, let alone in a way that is "detailed and specific." *Brooks*, 450 F. Supp. 2d at 226. Again, this is insufficient to establish personal involvement. *See id.*

Accordingly, Plaintiff's claim against Glebocki, Crowley, and Galloway is dismissed.

**3. Defendant Piazza**

Plaintiff alleges that while he was at Sullivan Correctional Facility, he "spoke with . . . Piazza[] about accommodating the plaintiff with a videophone" and subsequently filed a grievance. ECF No. 37 at 4–5; ECF No. 25 at 5 ¶ 21. Plaintiff submits the response he received, which states, "IGRC: Per Investigation and CORC decision, videophone is not deemed a necessary accommodation at Sullivan. This makes the matter outside the purview of the IGRC and should be evaluated by the Superintendent." ECF No. 1-1 at 23. The document indicates that Plaintiff disagreed with the conclusion and wished to appeal the decision to the Superintendent. *Id.*

Even after viewing the facts alleged in the complaint in the light most favorable to Plaintiff, *see Faber*, 648 F.3d at 104, the Court concludes that Plaintiff fails to sufficiently allege Piazza's personal involvement. Contrary to Plaintiff's characterization, the response he received was not from Piazza, but from the IGRC. ECF No. 1-1 at 23. Plaintiff even indicated that he "disagree[d] with the IGRC response and wish[ed] to appeal to the Superintendent" of Sullivan Correctional Facility. *Id.* Moreover, as Plaintiff acknowledges, Piazza was the Deputy Superintendent, not the Superintendent. ECF No. 25 at 4 ¶ 15. Therefore, it is unclear whether Piazza even received Plaintiff's appeal. *Compare with Manley v. Mazzuca*, No. 01 CIV. 5178, 2004 WL 253314, at *3 (S.D.N.Y. Feb. 10, 2004) (personal involvement sufficiently alleged where defendant superintendent took no action after receiving plaintiff's grievance appeal).

The only remaining allegation against Piazza is his failure to respond to Plaintiff's complaint about the lack of accommodation for a video device. ECF No. 37 at 5. However, this alone is insufficient to establish personal involvement. *See Brooks*, 450 F. Supp. 2d at 226 ("[T]he fact that an official ignored a letter alleging unconstitutional conduct is not enough to establish personal involvement." (citation omitted)). Therefore, the claim against Piazza is dismissed.

**ii. Securus Technologies**

The Court next turns to whether Securus Technologies is liable under § 1983. A nominally private entity can be considered a state actor and held liable under § 1983 where plaintiff alleges facts to satisfy either: (1) the compulsion test where "the entity acts pursuant to the coercive power of the state or is controlled by the state"; (2) the close nexus test where "the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies"; or (3) the public function test where "the entity has been delegated a public function by the state." *Hollander v. Copacabana Nightclub*, 624 F.3d 30, 34 (2d Cir. 2010) (internal quotation marks, emphases, brackets, and citation omitted).

Here, two doctrines are relevant to Plaintiff's argument: the close nexus test and the public function test. ECF No. 37 at 8–9. The Court first discusses the close nexus test. Plaintiff argues that Securus Technologies is considered a state actor under the close nexus test because "[t]he state's entwinement expands to the internal operations and affairs of Securus." *Id.* at 9. Under the entwinement theory that Plaintiff relies on, "state action may exist when a private entity 'is entwined with governmental policies, or when government is entwined in its management or control.'" *Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 268 (2d Cir. 2014) (citation omitted). "In other words, the entwinement test focuses on the overlap or merger of public and private entities as a result of their shared leadership or other attributes that make it hard to separate their public functions from their private ones," showing a "pervasive entwinement to the point of largely overlapping identity between the State and the entity." *Popat v. Levy*, 328 F. Supp. 3d 106, 129 (W.D.N.Y. 2018) (quotation marks and citations omitted).

Here, Plaintiff fails to state a claim under the entwinement theory of the close nexus test. Plaintiff merely states that "[t]he state's entwinement expands to the internal operations and affairs of Securus." ECF No. 37 at 9. However, he does not explain how the two are entwined. Plaintiff's conclusory argument is insufficient to allege a "pervasive entwinement to the point of largely overlapping identity" between DOCCS and Securus Technologies. *Popat*, 328 F. Supp. 3d at 129; *see also LaMagna v. Brown*, 474 F. App'x 788, 790 (2d Cir. 2012) (conclusory allegations that lack a factual foundation are insufficient to defeat a motion to dismiss). Plaintiff's argument regarding the close nexus test against Securus Technologies is therefore dismissed.

The Court next turns to whether Plaintiff plausibly alleged that the public function test is satisfied. "The public function test is only satisfied when a private entity performed a function traditionally exclusively reserved to the state." *Cagle v. Weill Cornell Med.*, No. 22-CV-6951, 2024 WL 3520469, at *7 (S.D.N.Y. July 24, 2024) (citation omitted), *aff'd*, No. 24-2427, 2025 WL 2790408 (2d Cir. Sept. 30, 2025). The inquiry "focuses not on whether the activity delegated to the private entity has been regularly performed by governments, but instead on whether the activity historically has been 'an exclusive prerogative of the sovereign.'" *Grogan*, 768 F.3d at 265 (citation omitted).

Here, Plaintiff states that Securus Technologies provides "telephone and video communications system service[s] . . . for the use of incarcerated individuals." ECF No. 37 at 5. However, Plaintiff presents no arguments about how this function has historically been "an exclusive prerogative of the sovereign." *Grogan*, 768 F.3d at 265 (citation omitted). Rather, Plaintiff merely recites the law by describing the public function test while claiming that "Securus is a state actor" under the public function test. ECF No. 37 at 8–9. This too is insufficient to defeat

a motion to dismiss. *See LaMagna*, 474 F. App'x at 790. Therefore, Plaintiff's argument regarding the public function test against Securus Technologies is dismissed.

Accordingly, because Plaintiff has failed to allege that Securus Technologies, a private entity, can be considered a state actor that can be held liable under 42 U.S.C. § 1983, Plaintiff's § 1983 claim against Securus Technologies is dismissed.

## III. Violation of the Eighth Amendment Under § 1983

Plaintiff argues that Piazza, Glebocki, Crowley, Galloway, and Securus Technologies violated his Eighth Amendment rights under 42 U.S.C. § 1983. ECF No. 1 at 9–10 ¶¶ 37–39. DOCCS Defendants move to dismiss Plaintiff's claim, arguing that Plaintiff failed to establish personal involvement. ECF No. 23-1 at 4–6. Securus Technologies denies liability under § 1983, arguing that it is not a state actor and has no personal involvement in the violation of Plaintiff's rights. ECF No. 27-1 at 14–18. Plaintiff disagrees with DOCCS Defendants, arguing that they are personally involved because they learned that Plaintiff's rights were violated through Plaintiff's complaints and grievances regarding the lack of accommodation, but failed to remedy the wrong. ECF No. 37 at 1–7. Plaintiff also disagrees with Securus Technologies, arguing that it is a state actor as it is "entwined" with the government and because "the government has outsourced one of its constitutional obligations to [it]." *Id.* at 8–9.

For the reasons discussed above, *see* Section II.B.i. *supra*, Plaintiff fails to plead that Piazza, Glebocki, Crowley, or Galloway were personally involved in violating his rights as Plaintiff does not allege that any of these defendants responded to his complaint or grievance in a "detailed and specific" manner. *Brooks*, 450 F. Supp. 2d at 226. Therefore, Piazza, Glebocki, Crowley, or Galloway are not liable under 42 U.S.C. § 1983. Additionally, Securus Technologies

is not liable because Plaintiff failed to plausibly allege that Securus Technologies is a state actor that can be held liable under 42 U.S.C. § 1983. *See* Section II.B.i. *supra*.

Therefore, Plaintiff's Eighth Amendment claim is dismissed.

## IV. Leave to Amend

Even though Plaintiff did not request leave to re-plead his claim, the Court believes that Plaintiff, who is proceeding *pro se*, should be afforded leave to amend his complaint. Rule 15(a)(2) directs district courts to give plaintiffs leave to replead "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Second Circuit has declined to allow amendment in cases in which an additional pleading would be futile. *See e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Because individuals cannot be sued in their personal capacity under either the Rehabilitation Act or the ADA, amending the complaint to reallege these claims against Piazza, Glebocki, Crowley, Galloway, and Martuscello would be futile. Likewise, because a private entity such as Securus Technologies cannot be subject to Title II of the ADA, amending the complaint to reallege that claim would be futile.

However, it would not be futile for Plaintiff to amend the complaint to re-plead his remaining claims, namely: (1) discrimination based on disability in violation of § 504 of the Rehabilitation Act against Securus Technologies, (2) discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983 against all Defendants, and (3) violation of the Eighth Amendment under 42 U.S.C. § 1983 against Piazza, Glebocki, Crowley, Galloway, and Securus Technologies. Plaintiff may file a second amended complaint by October 1, 2026.[7]

[7] In his opposition, Plaintiff alleges a violation of his rights under the New York Constitution, ECF No. 37 at 1, despite not referring to this argument in his initial complaint. However, "a party may not amend a complaint through an opposition brief, even when proceeding *pro se*." *Goldman v. Vox Media, LLC*, No. 25-CV-9910, 2026 WL 1802804, at *1 n.3 (S.D.N.Y. June 23, 2026) (citing *Shah v. Helen Hayes Hosp.*, 252 F. App'x 364, 366 (2d Cir. 2007) (summary

**CONCLUSION**

For the foregoing reasons, the motion to dismiss by Defendants Piazza, Glebocki, Crowley, Galloway, and Martuscello is GRANTED. Defendant Securus Technologies' motion to dismiss is also GRANTED. Plaintiff's claims for discrimination in violation of § 504 of the Rehabilitation Act and Title II of the ADA against Defendants Piazza, Glebocki, Crowley, Galloway, and Martuscello are DISMISSED WITH PREJUDICE. Plaintiff's claim for discrimination in violation of Title II of the ADA against Defendant Securus Technologies is also DISMISSED WITH PREJUDICE.

Plaintiff may file an amended complaint by October 1, 2026. If Plaintiff does not file an amended complaint by this date, his claims for (1) discrimination based on disability in violation of § 504 of the Rehabilitation Act against Securus Technologies, (2) discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983 against all Defendants, and (3) violation of the Eighth Amendment under 42 U.S.C. § 1983 against Defendants Piazza, Glebocki, Crowley, Galloway, and Securus Technologies will be dismissed with prejudice, and the Clerk of Court shall enter judgment and close this case without further order of the Court.

IT IS SO ORDERED.

Dated: September 1, 2026
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York

order) and then *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998)). Therefore, the Court did not consider Plaintiff's arguments of a violation of his rights under the New York Constitution in this decision. However, Plaintiff may include this claim when amending his complaint. Additionally, to the extent that Plaintiff wishes to bring his ADA claim against an appropriate entity, he is free to amend his complaint accordingly.